Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/01/2026
CT Log Number 552370813

## Service of Process Transmittal Summary

**TO:** Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1411 OPUS PL STE 400
DOWNERS GROVE, IL 60515-1481

**RE:** **Process Served in Florida**

**FOR:** Costco Wholesale Corporation (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SOPHIA PACHECO, AS PARENT AND GUARDIAN OF L.B., A MINOR // To: Costco Wholesale Corporation |
| **CASE #:** | 2026CA2728 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/01/2026 at 14:37 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/02/2026, Expected Purge Date: 06/17/2026<br><br>Image SOP<br><br>Email Notification, Laura Aznavoorian laura_aznavoorian@gbtpa.com<br><br>Email Notification, Maureen Papier maureen_papier@gbtpa.com<br><br>Email Notification, Zois Johnston zjohnston@costco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jun 1, 2026
**Server Name:** CHRISTOPHER YEOMAN

| | |
|---|---|
| Entity Served | COSTCO WHOLESALE CORPORATION |
| Case Number | 2026-CA-2728 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |

**IN THE CIRCUIT OF THE TWELFTH JUDICIAL CIRCUIT**
**IN AND SARASOTA COUNTY, FLORIDA**
**CIVIL DIVISION**

FLORIDA STATUTE 48.031(5)
DATE 6-1-26 TIME 2:10pm
I.D./BADGE 762 INITIALS [illegible]

**SOPHIA PACHECO, AS PARENT AND GUARDIAN OF L.B., A MINOR**

**Plaintiff,** **CASE NO.:** 2026-CA-2728

**-vs-**

**COSTCO WHOLESALE CORPORATION AND JANE DOE, UNKNOWN MANAGER**

**Defendant.**
_______________________________/

**SUMMONS**

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories, Request to Produce, Request for Admissions, or petition in the above styled cause upon the Defendant:

COSTCO WHOLESALE CORPORATION
c/o CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND
PLANTATION, FL 33324

Each Defendant is hereby required to serve written defenses to said Complaint or petition on Plaintiff's attorney, whose name and address is:

Bora S. Kayan, Esq.
Morgan & Morgan Tampa P.A.
201 N. Franklin Street 7th Floor
Tampa, FL 33602
(813) 223-5505
Primary Email: bkayan@forthepeople.com;
Secondary email: dschlichte@forthepeople.com and dschlichte@forthepeople.com

within twenty (20) days after service of this Summons upon that Defendant exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of said Court on 5/18/2026, 2026.

KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT

By: ____________________
Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance: Please contact Sarasota County Jury Office, P.O. Box 3079, Sarasota, Florida 34230-3079. Telephone: (941) 861-7400. If you are hearing or voice impaired, please call 711.**

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you cannot afford an attorney, you may contact Legal Aid of Manasota at (941) 366-0038 or https://www.legalaidofmanasota.org or Gulfcoast Legal Services at (800) 230-5920 or https://www.gulfcoastlegal.org. If you do not qualify for free legal assistance or do not know an attorney, you may use an attorney referral service or contact the Florida Bar Referral Service at (800) 342-8011 or https://www.floridabar.org/public/lrs/.

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

Si no puede pagar un abogado, puede comunicarse con Legal Aid of Manasota al (941) 366-0038 o https://www.legalaidofmanasota.org o Gulfcoast Legal Services al (800) 230-5920 o https://www.gulfcoastlegal .org. Si no califica para recibir asistencia legal gratuita o no conoce a un abogado, puede utilizar un servicio de referencia de abogados o comunicarse con el Servicio de Referencia del Colegio de Abogados de Florida al (800) 342-8011 o https://www.floridabar.org/public/ lrs/.

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Si vous n'avez pas les moyens de payer un avocat, vous pouvez contacter Legal Aid of Manasota au (941) 366-0038 ou https://www.legalaidofmanasota.org ou Gulfcoast Legal Services au (800) 230-5920 ou https://www.gulfcoastlegal .org. Si vous n'êtes pas admissible à une assistance juridique gratuite ou si vous ne connaissez pas d'avocat, vous pouvez utiliser un service de référence d'avocat ou contacter le service de référence du barreau de Floride au (800) 342-8011 ou https://www.floridabar.org/public/ mdr/.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

Bora Kayan, Esq.
Morgan & Morgan Tampa P.A.
201 N. Franklin Street 7th Floor

Tampa, FL 33602
(813) 223-5505
Primary Email: bkayan@forthepeople.com;
Secondary email: dschlichte@forthepeople.com and dschlichte@forthepeople.com

Filing # 248272209 E-Filed 05/15/2026 11:19:07 AM

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**IN AND FOR SARASOTA COUNTY, FLORIDA**
**CIVIL DIVISION**

**SOPHIA PACHECO, AS PARENT**
**AND GUARDIAN OF L.B., A MINOR**

**Plaintiff,**

**vs.** **CASE NO.:**

**COSTCO WHOLESALE CORPORATION and**
**JANE DOE, UNKNOWN MANAGER**

**Defendants.**
_________________________________/

**COMPLAINT**

COMES NOW Plaintiff, SOPHIA PACHECO, AS PARENT AND GUARDIAN OF L.B., A MINOR, by and through the undersigned attorney, and sues Defendants, COSTCO WHOLESALE CORPORATION, and more specifically alleges as follows:

1. This is an action for damages that exceed Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, SOPHIA PACHECO, AS PARENT AND GUARDIAN OF L.B., A MINOR, was and is a natural person residing in Sarasota County, Florida.

3. At the time of the incident, Plaintiff L.B., was a minor child at the age of fourteen (14) years old and is otherwise a natural person residing in Sarasota County, Florida, in custody and control of his parents. Her mother and natural guardian is: SOPHIA PACHECO

4. At all times material to this action, Defendant, COSTCO WHOLESALE CORPORATION, is a Foreign Profit Corporation, licensed to do business in the State of Florida.

5. At all times material hereto, Defendant, COSTCO WHOLESALE CORPORATION owned, operated, managed, maintained and or controlled the COSTCO premises located at or near 11700 Mezzo Drive, Venice, Florida 34293 open to the general public, including the Plaintiff herein.

6. On or about October 19, 2025, Plaintiff, SOPHIA PACHECO, AS PARENT AND GUARDIAN OF L.B., A MINOR, was a resident on Defendant's premises located at the above address as a business invitee, resident, and/or guest.

7. At said time and place, Plaintiff, SOPHIA PACHECO, AS PARENT AND GUARDIAN OF L.B., A MINOR, was a lawful guest upon the premises of the Defendant, COSTCO WHOLESALE CORPORATION who owed Plaintiff a non-delegable duty to exercise reasonable care for her safety by maintaining the areas properly.

8. Venue is proper in this Court as the incident giving rise to this action occurred in Sarasota County, Florida.

**COUNT I – CLAIM FOR NEGLIGENCE AGAINST DEFENDANT, COSTCO WHOLESALE CORPORATION**

9. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8), as if fully set forth herein.

10. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions on their premises.

11. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the floors, thus Creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the floors as specified above, to ascertain whether the floors, which were poorly maintained, constituted a hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floors, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior floors were unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/or clean and/or adequately correct the unreasonably dangerous condition of the floors, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting, maintaining and/or cleaning the floors for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or clean the floors for dangerous conditions.

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floors despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions that accumulate on the flooring of the subject premises;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up with respect to dangerous conditions that accumulate on the flooring of the subject premises;

l) Negligently failing to act reasonably under the circumstances; and/or

m) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community.

12. As a result, while Plaintiff L.B. was visiting Defendant's business, she slipped on water on the floor, sustaining significant personal injuries.

13. As a direct and proximate result of the negligence of Defendant, COSTCO WHOLESALE CORPORATION, the Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, SOPHIA PACHECO, AS PARENT AND GUARDIAN OF L.B., A MINOR, demands judgment against the Defendant, COSTCO WHOLESALE CORPORATION, in an amount in excess of FIFTY Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**COUNT II – CLAIM FOR NEGLIGENCE AGAINST DEFENDANT, JANE DOE, UNKNOWN MANAGER**

14. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8), as if fully set forth herein.

15. Upon information and belief, at all times material to this action, Defendant, JANE DOE, was employed by Defendant, COSTCO WAREHOUSE CORPORATION, as the property manager and was directly responsible for maintaining, managing and operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores, Inc.,* 918 So. 2 d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf,* 405 S. 2d 1363, 1364 (Fla. 4th DCS 1981).

16. At all times material to this action, Defendant, JANE DOE, was directly responsible for executing Defendant COSTCO WAREHOUSE CORPORATION'S, policies and was personally involved in Defendant, COSTCO WAREHOUSE CORPORATION'S, previously described tortious conduct and is therefore personally liable to Plaintiff. *White*, 918 S. at 358; *Orlovskly*, 405 S. 2d at 1364.

17. At all material times and by virtue of here position with Defendant, COSTCO WAREHOUSE CORPORATION, Defendant, JANE DOE, owed Plaintiff a duty to maintain the premises in a reasonably safe condition to warn Plaintiff of any known dangers on its premises and for supervision the consistent with the Defendant, COSTCO WAREHOUSE CORPORATION'S policies and procedures.

18. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the floors, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the floors as specified above, to ascertain whether the floors, which were poorly maintained, constituted a hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floors, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior floors were unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/or clean and/or adequately correct the unreasonably dangerous condition of the floors, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting, maintaining, and/or cleaning the floors for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect,

maintain, and/or clean the floors for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition i.e. the pool (attractive nuisance);

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floors despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises;

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the floors in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m) Negligently failing to act reasonably under the circumstances; and/or

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community.

19. As a result, while SOPHIA PACHECO, PARENT AND LEGAL GUARDIAN OF L.B., A MINOR was visiting Defendant's business L.B. slipped in a pool of water, sustaining significant personal injuries.

20. As a direct and proximate result of the negligence of Defendant, JANE DOE, , the Plaintiff, SOPHIA PACHECO, PARENT AND LEGAL GUARDIAN OF L.B., A MINOR, suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition, and the loss of his life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, SOPHIA PACHECO, PARENT AND LEGAL GUARDIAN OF L.B., A MINOR, demands judgment against the Defendant, JANE DOE, in an amount in excess of FIFTY Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

RESPECTFULLY submitted this 15th day of May, 2026.

*_/s/ Bora S. Kayan_*
Bora S. Kayan, Esquire
Morgan & Morgan Tampa, P.A.
2222 South Tamiami Trail, 2nd Floor
Sarasota, FL 34239
Tele: (941)-271-6353
Fax: (941)-271-6453
bkayan@forthepeople.com
dschlichte@forthepeople.com
frandelgado@forthepeople.com
Florida Bar#: 0105759
Attorney for Plaintiff